## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON

**HENRY KEITH WYKLE,**

      *Petitioner,*

**v.**                                                 **Civil Action 2:15-cv-09060**

**DAVID BALLARD, Warden,**
**Mt. Olive Correctional Complex,**

      *Respondent.*

---

### MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS

---

## I.

## INTRODUCTION

Henry Keith Wykle, ("the Petitioner") filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus on July 1, 2015.  On or about August 7, 2015, the Honorable Cheryl A. Eifert, United States Magistrate Judge, ordered the Respondent to file an answer to the petition.  An Answer and Motion to Dismiss are being filed contemporaneously with this memorandum of law.  However, the Respondent Warden believes the petition is untimely and should be dismissed.

Based upon the Procedural History as set forth herein, the petition is clearly untimely.  Accordingly, the petition should be dismissed with prejudice for failure to file within the limitation period prescribed by 28 U.S.C. § 2244(d)(1).

## II.

## PROCEDURAL HISTORY

**A.**      **PROCEEDINGS IN STATE COURT.**

      **1.**      **The Fayette County Conviction.**

The petitioner was indicted by a grand jury for the offenses of murder and sexual assault in 93-F-205.  The petitioner and the State of West Virginia reached a plea agreement in which the petitioner agreed to plead guilty to murder in the first degree, with the State recommending mercy.  The plea was not a binding plea.  The petitioner entered both an oral and written plea of guilty.  The plea hearing occurred on March 26, 1993.  The petitioner was sentenced on April 9, 1993.  The petitioner did not receive a recommendation of mercy, and consequently was sentenced to life in the penitentiary without the possibility of parole.  The sentencing order was entered April 22, 1993. (Respondent's Exhibit 1.)

      **2.**      **Direct Appeal to the West Virginia Supreme Court of Appeals.**

The petitioner did not file a direct appeal of his guilty plea to the West Virginia Supreme Court of Appeals.  The West Virginia Supreme Court of Appeals Clerk's Office does not contain any record of any direct appeal, and the petition filed in this matter acknowledges that the petitioner did not file a petition for writ of certiorari with the West Virginia Supreme Court of Appeals (in accord with the then Rules of Appellate Procedure) nor with the United States Supreme Court.

      **3.**      **State Court Habeas Proceedings.**

On December 11, 1997, Petitioner, through counsel, filed his first state Petition for Writ of Habeas Corpus ("first habeas") with the circuit court in Fayette County. (Case No. 97-C-424-H.)  On June 24, 1998, Petitioner, by counsel, filed an Amended Petition on Petitioner's first habeas with the circuit court.  Afterward, on October 1, 1998, Petitioner, by counsel, filed a *Losh*

list with the habeas court specifying his grounds for habeas relief.  These grounds included: (1) an involuntary guilty plea; (2) a coerced confession; (3) ineffective assistance of trial counsel; (4) a question of actual guilt upon an acceptable guilty plea; (5) a more severe sentence than expected; and (6) mistaken advice of trial counsel as to parole and /or probation eligibility. (Respondent's Exhibit 1.)

On October 1, 1998, and February 16, 1999, an Omnibus hearing was conducted on this first habeas petition and amended petition.  Following the hearing, on March 16, 1999, the habeas court denied the Petitioner habeas relief.  On July 14, 1999, the West Virginia Supreme Court of Appeals refused the Petitioner's Appeal of the denial of his petition. (Respondent's Exhibit 1).

On July 26, 2006, the Petitioner filed a second petition for writ of habeas corpus in the Circuit Court of Fayette County.  Although originally dismissed by the circuit court without the appointment of counsel or an omnibus hearing, (Respondent's Exhibit 2), the West Virginia Supreme Court of Appeals remanded the petition for another omnibus hearing by order entered July 31, 2007. (Respondent's Exhibit 3.)

Counsel was appointed for the petitioner in Civil Action 06-C-274-H.  The petitioner, with the assistance of counsel filed an amended petition for writ of habeas corpus in the Circuit Court of Fayette County on January 16, 2013.  The grounds raised were "Zain" grounds regarding serology evidence and further an argument that ineffective assistance of first trial counsel led to the decision of the petitioner to enter a guilty plea, and that, therefore, he should be permitted to withdraw his plea. As to the serology results, the petitioner attempted to argue that his counsel had never shared serology results with him, and therefore, he was misled into pleading guilty.  However, ". . . .the Inmate Petitioner's claim that trial counsel failed to present

him with the forensic test results was unreliable because the Inmate Petitioner previously forged a plea agreement." (Testimony from trial counsel was unavailable because trial counsel is deceased.) The forged document was offered in the 1998 omnibus hearing to bolster the claim that the plea was involuntary. "The Court further finds that the 'plea agreement' offered by the petitioner at the hearing on October 1, 1998 was clearly a forgery. The petitioner indicates that he had lost the original when he was transferred from Moundsville to Mount Olive Correctional Center. That would not have been possible because the original was filed with the Court at the plea hearing on March 26, 1993." (Respondent's Exhibit 1.)

An omnibus hearing was held on February 13, 2013. Following that hearing, an order was entered on May 16, 2013 denying the petition for writ of habeas corpus. That order noted that as to the serology claim, that claim was relevant only to the dismissed sexual assault charge, and not the charge to which petitioner pled guilty, first degree murder. Further, nothing supported petitioner's claim that he had not been supplied with those results before trial, save his own words which the habeas court deemed unworthy of trust since the petitioner had previously forged a plea agreement. As to the claim regarding involuntary plea and ineffective assistance of trial counsel, the court found that those issues had been waived by not being advanced on either direct appeal or in the first habeas and further, that the evidence adduced by the petitioner did not support his claim that his plea was involuntary or that trial counsel was ineffective. (Respondent's Exhibit 1.)

The petitioner appealed the denial of relief in Civil Action No. 06-C-274-H. By memorandum decision filed February 18, 2014 the West Virginia Supreme Court of Appeals adopted and incorporated "the circuit court's well-reasoned findings and conclusions as to the assignment of error raised in this appeal." The decision of the Circuit Court of Fayette County in

denying the second petition for writ of habeas corpus was affirmed. (Respondent's Exhibit 4). On March 20, 2014, the Mandate of the West Virginia Supreme Court of Appeals issued. (Respondent's Exhibit 5.)

**B.     FEDERAL PROCEEDINGS**

The present, and only federal habeas corpus petition was filed on or about July 1, 2015. Notably, the petitioner leaves completely blank Question 18 which requires that for any conviction which became final more than one year before the filing of the petition, the petitioner must explain why the one year statute of limitations does not bar the petition.

**III.**

**ARGUMENT**

**A.     THE CURRENT PETITION SHOULD BE DISMISSED BECAUSE THE PETITIONER HAS FAILED TO FILE WITHIN THE APPLICABLE PERIOD OF LIMITATION.**

The present habeas petition should be dismissed with prejudice because it was not timely filed.  As evidenced by both the pleadings filed by the Petitioner and the Procedural History, *supra*, it is clear that the Petitioner has failed to file his present federal petition within the one-year period of limitation.  Because the Petitioner's conviction became final before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, the Petitioner (as well as other petitioners in the same situation) were given a "grace" period of limitation.  The interpretation of the AEDPA by the federal courts determined that in the interest of fairness, those whose convictions were final before April 24, 1996 had one year from that date—until April 24, 1997, to file a petition and have it be considered timely.

1.      **The AEDPA's Period of Limitation for Filing Federal Habeas Corpus Petitions.**

The Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), effective April 24, 1996, provides in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

These limitations apply to convictions which become final after April 24, 1996.

2.      **Application of the AEDPA's Period of Limitation to Petitioner's Claims.**

The Petitioner's present federal habeas petition was filed on July 1, 2015, and is consequently subject to the period of limitation contained in the AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding that provisions of AEDPA amending 28 U.S.C. § 2254 govern habeas petitions filed after April 24, 1996); *accord*, *Breard v. Pruett*, 134 F.3d 615 (4th Cir.), *cert. denied*, 523 U.S. 371(1998). Although the filing date for the petition falls within the general period of limitation, the conviction date does not. As petitioner's conviction became

final in 1993, the period of limitation applicable to this petitioner began to run on April 24, 1996, and ran until April 24, 1997 under the aforementioned grace period. However, the Respondent maintains that the federal petition for writ of habeas corpus is untimely even though the Petitioner's conviction became final before the adoption of the AEDPA.  The Petitioner had until April 24, 1997, to file his federal petition, absent some tolling event.  While the statute of limitations could have been tolled by the filing of a collateral attack in state court, such state petition for writ of habeas corpus was not filed until December 11, 1997, or well after the statute of limitations expired on April 24, 1997.

The Petitioner's conviction preceded the April 24, 1996, adoption of the AEDPA. Therefore, the Petitioner had one year from that time, or until April 24, 1997, to file his federal habeas petition.  *Brown v. Angelone*, 150 F.3d 370 (4th Cir. 1998); *Hernandez v. Caldwell*, 225 F.3d 435 (4th Cir. 2000).

The petitioner's conviction became final on April 22, 1993, when he was sentenced, and he did not seek direct review of his conviction with the West Virginia Supreme Court.  However, the one year limitation under the AEDPA, and the interpretation by the courts of the period of limitation to those whose convictions became final prior to April 24, 1996, gave a "grace" period to such petitioners, thereby not depriving them of the opportunity to seek redress in the federal courts.  Therefore, the Petitioner's time constraints began to run on the effective date of the adoption of the statute—April 24, 1996.   The Petitioner had one year from that time, or until April 24, 1997, to file his federal habeas petition.    *See* Fed. R. Civ. P. 6(a) ("In computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included."); *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000) (applying Rule 6(a) to

computation of one-year limitation period under AEDPA).  Absent a tolling event, the last date on which the Petitioner could have filed a timely federal habeas corpus petition under the statute was April 24, 1997. (*Id.*)

### 3.   Application of the Tolling Provision to Petitioner's Claims.

The one-year period of limitation may be tolled under limited circumstances:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

The Petitioner's one-year limitation period began to run on April 24, 1996, and ran continuously and uninterrupted until it expired one-year later on April 24, 1997.  No event occurred that would toll the limitation period.  The Petitioner did not file a petition for writ of habeas corpus in state court until December 11, 1997, or after the statute of limitations for filing his federal petition had already run. Further,  seven additional years transpired between the refusal by the West Virginia Supreme Court of Appeals to accept petitioner's appeal of the adverse ruling on his first state habeas—July 14, 1999 and the filing of petitioner's second state habeas on July 27, 2006.  Additionally, another sixteen months elapsed between the mandate order affirming the decision of the circuit court in denying relief in the second state habeas and the filing of the federal petition. As Petitioner filed the instant federal petition on July 1, 2015– more than eighteen years after the date on which he could timely file–it is outside the limitation period. Accordingly, the present § 2254 petition should be dismissed with prejudice as untimely filed.

## B.   THE PETITIONER HAS NOT EXHAUSTED HIS STATE COURT REMEDIES.

The Respondent is not waiving any argument as to timeliness, or untimeliness of the filing of the federal petition, and in fact asserts vigorously that the present petition should be dismissed, with prejudice, in that it is untimely.

However, the order directing the Respondent to answer requested that an answer be filed not only as to timeliness but as to exhaustion. The petitioner has not exhausted his state remedies as to one of the two claims he is bringing forward in this federal petition.  The issue of ineffective assistance of trial counsel was raised in the first state habeas petition, and in fact, raised again in the second state habeas petition.  The West Virginia Supreme Court of Appeals refused the appeal from the denial of the first state habeas.  As to the second state habeas, in which the habeas court determined that that the issue of ineffective assistance of trial counsel had been fully litigated in the first habeas, the order nonetheless addressed the merits of that claim, and determined that trial counsel was not ineffective.  The West Virginia Supreme Court of Appeals affirmed that decision by the memorandum decision which is Respondent's Exhibit 4.

The issue of ineffective assistance of habeas counsel in the second habeas action has not been presented to any state court.

As is well known by this Court, federal courts are prohibited from considering claims raised in federal habeas proceedings by state prisoners unless the Petitioner has "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  If a state prisoner has not properly exhausted state remedies, the federal courts ordinarily will not entertain an application for a writ of habeas corpus unless exhaustion would have been futile because either "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §§ 2254(b)(1)(B)(i), (ii).  *See Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) ("An exception is made [to the exhaustion

requirement] only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief.").

To properly exhaust available state court remedies sufficient to render a claim ripe for review in federal proceedings, a Petitioner must complete a full "round of the State's established appellate review process" to give state courts a "full and fair opportunity" to correct alleged constitutional errors. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In West Virginia, a prisoner may exhaust state remedies by either direct appeal, *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D. W. Va. 1995), or by filing a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, *et seq.*, followed by a petition for appeal of any adverse ruling to the Supreme Court of Appeals. *Bayerle v. Godwin*, 825 F. Supp. 113, 114 (N.D. W. Va. 1993).

The requirement that habeas Petitioners exhaust all available state remedies has long been a requirement for seeking federal review well in advance of the AEDPA. *See e.g. Rose v. Lundy*, 455 U.S. 509, 518 (1982). The purpose of the exhaustion requirement was to deter prisoners from seeking to re-litigate their convictions in federal court and to ostensibly give state courts the first opportunity to correct any constitutional error before the federal courts interjected themselves into state court convictions. "'It would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'" See *Rose*, 455 U.S. at 518-19 (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)).

_____

Therefore, this petition contains both one claim (ineffective assistance of trial counsel) that has been exhausted, and one claim (ineffective assistance of habeas counsel) which has not. However, the issue of the unexhausted claim is clearly moot because the entire petition is untimely.

## IV.

## <u>CONCLUSION</u>

For the aforesaid reasons, the Respondent respectfully moves this Court to dismiss the present petition with prejudice as untimely filed.

Respectfully submitted,

DAVID BALLARD, Warden,
*Respondent*,

By counsel,

PATRICK MORRISEY
ATTORNEY GENERAL

/s/ Laura Young
LAURA YOUNG, Bar No. 4173
DEPUTY ATTORNEY GENERAL
WV Office of the Attorney General
812 Quarrier Street, 6th Floor
Charleston, WV 25301
Telephone:  (304) 558-5830
Fax:  (304) 558-5833
Email:  laura.young@wvago.gov