**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

**HENRY KEITH WYKLE,**

      **Petitioner,**

**v.**                           **Case No. 2:15-cv-09060**

**DAVID BALLARD, Warden,
Mt. Olive Correctional Complex,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (ECF No. 1), and Respondent's Motion to Dismiss Petition as Untimely Filed, (ECF No. 10). This case is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

The undersigned notes that the record before the Court is well-developed and provides a sufficient basis upon which to resolve this matter without need for an evidentiary hearing. *See* Rule 8, Rules Governing Section 2254 Cases. Having thoroughly reviewed and considered the record, the undersigned **FINDS** that Petitioner's § 2254 petition is untimely under the one-year statute of limitations set forth in the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the

undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss Petition as Untimely Filed, (ECF No. 10); **DENY** Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (ECF No. 1); and **DISMISS** this case from the docket of the Court.

## I.    Relevant Factual and Procedural History

On March 26, 1993, Petitioner Henry Keith Wykle ("Wykle") pleaded guilty to one count of first-degree murder in the Circuit Court of Fayette County, West Virginia.[1] (ECF No. 10-1 at 3-4). In exchange for his guilty plea, the State moved to dismiss one count of first-degree sexual assault and recommended mercy at sentencing, meaning that Wykle would be eligible for parole after fifteen years' imprisonment. (*Id.* at 4). Wykle's sentencing hearing was conducted on April 9, 1993, at which time the trial court sentenced him to life imprisonment without mercy. (*Id.* at 5). The trial court entered its sentencing order on April 22, 1993, and Wykle did not file a direct appeal to the Supreme Court of Appeals of West Virginia ("WVSCA") challenging his conviction and sentence. (ECF No. 1 at 2; ECF No. 11 at 2).

On December 11, 1997, Wykle filed a state habeas petition in Fayette County Circuit Court. (ECF No. 1 at 3; ECF No. 10-1 at 6). After conducting an evidentiary hearing, the state circuit court denied Wykle's state habeas petition on March 16, 1999. (ECF No. 10-1 at 6). Wykle appealed the circuit court's denial of habeas relief to the WVSCA, and his petition for appeal was refused on November 18, 1999. (*Id.* at 7).

---

[1] Wykle's guilty plea was entered pursuant to *Kennedy v. Frazier*, 357 S.E.2d 43 (W. Va. 1987). (ECF No. 10-1 at 4). In *Kennedy*, the Supreme Court of Appeals of West Virginia held that "[a]n accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him." Syllabus Pt. 1, 357 S.E.2d at 43.

On July 27, 2006, Wykle filed a second state habeas petition in Fayette County Circuit Court, which was dismissed by the court on November 15, 2006. (*Id.*) On appeal, the WVSCA remanded the case with instructions to conduct an evidentiary hearing concerning the use of serology evidence in Wykle's case. (*Id.* at 7-8, 19). Thereafter, the circuit court appointed counsel for Wykle, and on February 13, 2013, the circuit court held an evidentiary hearing. (*Id.* at 8-9). The circuit court denied Wykle's second state habeas petition on May 16, 2013. (*Id.* at 15). Wykle appealed the circuit court's decision, and on February 24, 2014, the WVSCA issued a memorandum decision affirming the circuit court's denial of habeas relief. (*Id.* at 22-24). The WVSCA entered its mandate in that case on March 20, 2014. (*Id.* at 41).

Wykle filed the instant § 2254 petition, along with a motion for appointment of counsel, in this Court on July 1, 2015. (ECF Nos. 1 & 2). In his petition, Wykle alleges two grounds for relief: (1) ineffective assistance of trial counsel and (2) ineffective assistance of state habeas counsel. (ECF No. 1 at 5-6, 14, 21). As to his first claim, Wykle asserts that his trial counsel was ineffective when he failed to disclose exculpatory evidence to him. (*Id.* at 18). Specifically, Wykle contends that the exculpatory evidence consisted of serological test results that exonerated him from the first-degree sexual assault charge, which was dismissed as a part of the plea agreement that Wykle accepted. (*Id.* at 22-23). In addition, Wykle insists that his trial counsel was ineffective when counsel "interrogat[ed]" Wykle during his confession to the police. (*Id.* at 14-15, 18). With respect to the second ground for relief, Wykle argues that his second state habeas counsel was ineffective for failing to adequately address the ineffectiveness of Wykle's trial counsel. (*Id.* at 22-23). On the part of the § 2254 form concerning the timeliness of his petition, Wykle wrote nothing. (*Id.* at 11). For relief, Wykle requests that the Court reverse his

3

conviction and sentence, or grant him any other relief that the Court deems appropriate. (*Id.* at 12).

On August 7, 2015, the undersigned ordered Respondent to answer the petition, (ECF No. 7), and on September 18, 2015, the undersigned denied, without prejudice, Wykle's motion for appointment of counsel, (ECF No. 8). On October 19, 2015, Respondent filed an answer, (ECF No. 9), and a Motion to Dismiss Petition as Untimely Filed, (ECF No. 10). The following day, the undersigned entered an order permitting Wykle sixty days to respond to Respondent's motion to dismiss. (ECF No. 12). As of February 8, 2016, Wykle had not filed a response.

## II.   **Standard of Review**

Respondent filed a motion to dismiss ostensibly under Federal Rule of Civil Procedure 12(b)(6), based on Wykle's failure to timely file his petition. (ECF No. 10). Because Respondent filed an answer concurrently with his motion to dismiss, the motion technically should be considered as one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). However, the distinction makes no practical difference as the same standard of review applies to motions to dismiss under Rule 12(b)(6) and motions for judgment on the pleadings under Rule 12(c), and both motions may be filed in § 2254 actions. *Id.* at 138-39.

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nevertheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable

4

conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a § 2254 case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. *Id.*

## III.   <u>Discussion</u>

The Fourth Circuit has explained that the AEDPA "imposed a new, one-year statute of limitations on petitions brought by state prisoners for a federal writ of habeas corpus." *Crawley v. Catoe*, 257 F.3d 395, 398 (4th Cir. 2001) (citing 28 U.S.C. § 2244(d)). The one-year limitation period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) clarifies that the running of the one-year period is suspended for any time that a "properly filed" state post-conviction proceeding "is pending." *Id.* § 2244(d)(2). The Fourth Circuit has construed a state post-conviction

proceeding to include all state court proceedings "from initial filing [in the trial court] to final disposition by the highest state court." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). Upon final disposition of the state post-conviction proceeding, "the running of the § 2244(d) one-year period resumes." *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In other words, the one-year period begins at the conclusion of direct review, but is statutorily tolled if collateral proceedings are initiated in state court. Once collateral state court proceedings conclude, the limitation period begins to run again from the point at which it was tolled by initiation of the collateral proceedings.

Beginning with the timeliness of ground one contained in Wykle's § 2254 petition, Wykle argues that his trial counsel was ineffective, in part, because counsel "interrogat[ed]" Wykle during his confession to the police. (ECF No. 1 at 14-15, 18). Reviewing the petition, it does not appear that an impediment created by State action prevented Wykle from previously filing a § 2254 petition related to this claim, or that this claim concerns a newly recognized constitutional right that is retroactively applicable. Accordingly, neither § 2244(d)(1)(B), nor § 2244(d)(1)(C) are relevant to the timeliness issue. Likewise, this claim does not rely on a factual predicate that was discovered at a date later than when Wykle's conviction and sentence became final by the conclusion of direct review. Indeed, Wykle knew of his counsel's participation in the "interrogation" before he pleaded guilty and certainly prior to the date on which the judgment in his criminal case became final, which occurred after Wykle declined to directly appeal his conviction and sentence to the WVSCA. Consequently, § 2244(d)(1)(D) does not apply to this claim.

That leaves § 2244(d)(1)(A), which provides that the limitations period for a § 2254 petition begins running "on the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review." Wykle's conviction became final in 1993, after the trial court entered its sentencing order and Wykle failed to appeal. Because Wykle's conviction became final prior to enactment of the AEDPA, Wykle was entitled to a "one-year grace period from the effective date of the [AEDPA], April 24, 1996" wherein he could file a § 2254 petition. *Crawley*, 257 F.3d at 398; *see also Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998). That "grace period" concluded on April 24, 1997. *Brown*, 150 F.3d at 375-76. Wykle did not file the instant petition until July 1, 2015. Although Wykle's first state habeas petition would have tolled the AEDPA's statute of limitations, he did not file that petition until December 1997. Therefore, Wykle's claim with respect to his trial counsel's interrogation of him contained in ground one of his § 2254 petition is untimely.

Turning to the other component of Wykle's ineffective assistance of trial counsel claim, Wykle insists that his counsel unreasonably failed to disclose exculpatory serological evidence related to the first-degree sexual assault charge. (ECF No. 1 at 18, 22-23). Again, it does not seem that § 2244(d)(1)(B) or § 2244(d)(1)(C) are applicable to this claim. Moreover, if § 2244(d)(1)(A) were applied to this claim, then the claim would be untimely for the same reason that Wykle's trial counsel interrogation claim is untimely— Wykle's § 2254 petition raising the claim was not filed until after the "one-year grace period" concluded. *Crawley*, 257 F.3d at 398. While Wykle might protest that § 2244(d)(1)(D) is applicable to his failure to disclose claim, that provision still would not render his claim timely. First, from Wykle's § 2254 petition, it is unclear when Wykle discovered the existence of this serological evidence. If Wykle's trial counsel knew of the serological evidence prior to Wykle's guilty plea, then Wykle would be hard-pressed to argue that he could not have discovered the evidence using due diligence prior to his

judgment of conviction becoming final. As such, § 2244(d)(1)(A) would apply, and the claim would be untimely. Second, even assuming that Wykle could not have discovered the factual predicate for this claim prior to his judgment of conviction becoming final, Wykle knew of the serological evidence at the time that he filed his second state habeas petition in July 2006 and when his state habeas counsel amended the petition in November 2011. (ECF No. 10-1 at 7-8). Although the AEDPA's one-year limitations period for the claim was tolled during the pendency of Wykle's second state habeas petition, those proceedings concluded when the WVSCA entered its mandate denying relief on March 20, 2014, and Wykle did not file the instant § 2254 petition until July 1, 2015. (*Id.* at 41). As such, fifteen months passed between the termination of the tolling event and the filing of the instant petition. Assuming that the earliest Wykle could have discovered that his trial counsel withheld exculpatory evidence from him was July 2006, Wykle still would have been required to file his claim concerning that issue within one year of his second state habeas proceeding concluding; however, Wykle neglected to do so. Thus, even when applying § 2244(d)(1)(D), Wykle's "failure to disclose" claim described in ground one of his § 2254 petition is untimely.

  Finally, Wykle's second ground for federal habeas relief is likewise untimely. In that ground, Wykle argues that his second state habeas counsel was ineffective by failing to adequately address the ineffectiveness of Wykle's trial counsel. (ECF No. 1 at 22-23). It does not appear that § 2244(d)(1)(B) or § 2244(d)(1)(C) are relevant to this claim. Assuming that § 2244(d)(1)(D) applies, Wykle would have known, or could have discovered using due diligence, that his second state habeas counsel was ineffective during the pendency of his state habeas petition. Wykle's second state habeas proceeding ended on March 20, 2014, and he did not file the instant petition until fifteen months

later. Accordingly, under § 2244(d)(1)(D), Wykle's second ground for relief was filed too late in this Court.[2]

## IV.   **Proposal and Recommendations**

The undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** as follows**:**

1.      Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (ECF No. 1), be **DENIED** and **DISMISSED, with prejudice**; and

2.      Respondent's Motion to Dismiss Petition as Untimely Filed, (ECF No. 10), be **GRANTED**.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of

---

[2] In any event, this claim is not cognizable under § 2254. Title 28 U.S.C. § 2254(i) states that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." Consequently, "§ 2254(i) precludes [Wykle] from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief' ...." *Martinez v. Ryan*, ____ U.S. ____, 132 S.Ct. 1309, 1320, 182 L.Ed.2d 272 (2012).

Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Copenhaver, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner, Respondent, and counsel of record.

**FILED:** February 9, 2016

Cheryl A. Eifert
United States Magistrate Judge

10